**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **No. 5:26-MJ-05088-MAS** |
| **BRAILEN WEAVER,** ) | |
| **Defendant.** ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the:

1. Motion of the Government pursuant to 18 U.S.C. § 3142(f)(1), because defendant is charged with

   ☒ A. a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or

   ☒ B. an offense for which the maximum sentence is life imprisonment or death; or

   ☐ C. an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or

   ☐ D. any felony if such person has been convicted of two or more offenses described in subparagraphs (1) through (3) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

   ☒ E. any felony that is not otherwise a crime of violence but involves: (a) a minor victim; (b) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (c) any other dangerous weapon; or (d) a failure to register under 18 U.S.C. § 2250;

   OR

2. Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2), because

   ☐ A. defendant poses a serious risk of flight if released, or

   ☐ B. defendant poses a serious risk of obstructing or attempting to obstruct justice if released

Based upon the information available to the Court, detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II – Findings of Fact and Law as to Presumptions Under § 3142(e)

1.  **Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** (*previous violator*):  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☐ A.  the defendant is charged with one of the crimes described in 18 U.S.C. § 3142(f)(1) which are listed in Part I A. above;

    ☐ B.  the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed;

    ☐ C.  the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

    ☐ D.  a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

2.  **Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** (*narcotics, firearm, other offenses*):  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ A.  an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☒ B.  an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ C.  an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ D.  an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; or

    E.  an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

3.  **Conclusions Regarding Applicability of Any Presumption Established Above**

    ☒ A.  The defendant has not introduced sufficient evidence to rebut the presumption above.[1]

    OR

    ☐ B.  The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

---

[1] Even where the defendant has not introduced sufficient evidence to rebut the presumption, the Court will still provide an analysis of the "Analysis and Statement of the Reasons for Detention" below for completeness.

## Part III – Analysis and Statement of Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information available to the Court, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record, the reasons for detention include the following specifically accounting for the relevant factors in 18 U.S.C. § 3142(g):

1. Nature and circumstance of the offense(s) charged in the present case:

   ☒ The crime is one identified as carrying a presumption of detention (as identified in Part II A. or B);

   ☒ The crime is a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) ;

   ☐ The crime is a violation of Federal sex trafficking laws (18 U.S.C. § 1591);

   ☐ The crime is a Federal crime of terrorism;

   ☐ The crime involves minor victims carrying a non-presumption of detention;

   ☒ The crime involves a controlled substance, firearm, explosive or destructive device;

   ☒ Defendant is subject to lengthy period of incarceration if convicted;

   ☐ Defendant is subject to removal or deportation after serving any period of incarceration;

   ☒ Defendant attempted to evade law enforcement at the time of arrest;

Other:

The Complaint alleges that Defendant entered a US Bank in Berea, Kentucky, shot and killed two victims, searched multiple drawers, and immediately fled from the scene. [DE 1-1, Page ID# 3]. The Complaint further alleges that authorities located Defendant's vehicle on Interstate-75. Upon pursuit by law enforcement, Defendant attempted to flee, leading law enforcement on a high-speed chase to Lexington, Kentucky. [DE 1-1, Page ID# 7]. Throughout the chase, Defendant allegedly reached speeds of approximately 130 miles per hour, eventually crashing his vehicle and fleeing on foot. Defendant was apprehended and brought before this Court for an Initial Appearance on May 4, 2026. [DE 4].

Indeed, the alleged offense circumstances here are extremely dangerous. In enacting the Bail Reform Act, Congress considered it "especially significant if the charges include 'a crime of violence, . . . a Federal crime of terrorism, . . . or involve[ ] a . . . firearm, explosive, or destructive device.'" *See United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(g)(1)). Furthermore, some courts have recognized "that a defendant facing the death penalty or, alternatively, life imprisonment has a greater incentive to flee." *See United States v. Ouedraogo*, No. 1:08-CR-68, 2009 WL 3270076, at *3 (W.D. Mich. Oct. 8, 2009) (citing *United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 236, 240 (D.P.R. 2009) and *United States v. Nichols*, 897 F. Supp. 542, 547 (W.D. Okla. 1995)); *United States v. Ross*, No. 1:05-CR-160, 2007 WL 1295995, at *5 (W.D. Mich. Apr. 6, 2007) ("[T]he death penalty creates a 'strong incentive to flee prior to trial.'" (quoting *United States v. Gonzalez*, 995 F. Supp. 1299, 1302 (D.N.M. 1998))). Thus, this factor heavily weighs in favor of detention.

Crime Charged:

18 U.S.C. § 2113(a) – Armed Bank Robbery

18 U.S.C. § 924(c)(1)(A) – Use/Discharge of a Firearm in a Crime of Violence

18 U.S.C. § 924(j) – Causing Death with a Firearm in the Course of a Violation of 18 U.S.C. § 924(c)

2.  Weight of evidence against the defendant:

"This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). Consequently, because a person's dangerousness includes facts and circumstances that arise under the analysis of the first factor above and the third factor below, the Court incorporates those facts and items as if fully set forth below.

Other:

In addition to the alleged conduct underpinning the Complaint, Defendant's conduct at the time of his arrest—namely, the several hours he spent fleeing from and evading law enforcement—raises serious concerns about Defendant's risk of nonappearance. *See United States v. Martin*, No. 2:25-CR-00053, 2025 WL 3216647, at *2 (E.D. Tenn. Nov. 18, 2025) ("[A]ttempts to evade arrest . . . can bolster a finding of serious risk of flight.").

3.  History and characteristics of defendant

☐ Prior criminal history, including possible escalating criminal history;

☒ History of violence or use of weapons;

☐ History of trafficking and/or distribution of controlled substances;

☐ History of abuse of minors;

☐ History of alcohol or substance use disorder;

☒ Lack of stable employment;

☒ Lack of stable residence;

☐ Financial resources by which to abscond;

☒ Lack of significant community or family ties to this district;

☐ Significant family or other ties outside the United States;

☐ Lack of legal status in the United States;

☐ Prior failure to appear in court as ordered;

☒ Prior attempt(s) to evade law enforcement or obstruct justice;

☐ Use of alias(es) or false documents;

☒ Background information unknown or unverified;

☐ On probation, parole and/or release pending trial, sentence, appeal, or completion of sentence at the time of the alleged offense;

☐ Prior violations of probation, parole, or supervised release;

Other:

According to the Pretrial Services Report ("PSR"), Defendant's criminal history is relatively *de minimis*, consisting only of two pending traffic charges. [PSR at 2]. Although this weighs in favor of release, several facts that tip the scale in favor of pre-trial detention. For instance, Defendant presented no evidence that he has a stable residence, employment, or significant community or family ties within this district. *See United States v. Stidham*, No. 3:10-CR-79, 2010 WL 2639925, at *3 (E.D. Tenn. June 25, 2010) (finding that a defendant's long unemployment favors detention); *United States v. Mason*, No. 1:20-CR-287, 2020 WL 5096306, at *3 (N.D. Ohio Aug. 28, 2020) (finding the defendant's lack of a stable residence a pro-detention factor).

4. Nature and seriousness of danger posed by person's release:

    ☐ Has or will threaten witnesses/victims or obstruct justice;

    ☒ History of violence;

    ☐ History of failing to abide by court-imposed conditions;

    ☐ Lack of financially responsible sureties;

    ☐ Mental health issues;

    ☐ Likelihood to continue to engage in the criminal activity at issue; or

Other:

As a general matter, the Court recognizes the dangerousness concerns created by Defendant's alleged violent acts, which are further exacerbated by Defendant's alleged possession and use of a firearm. Additionally, Defendant's conduct at the time of his arrest indicates, at the very least, a propensity to flee from and evade law enforcement officers, raising substantial concerns regarding the risk of nonappearance. Moreover, Defendant has failed to identify any set of conditions that would reasonably mitigate these risks. Accordingly, this factor weighs in favor of pretrial detention.

Other Reasons Supporting Detention:

Conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (*see* 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Other:

## **Part IV – Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: May 6, 2026

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY