Eastern District of Kentucky
FILED

MAY 2 1 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

**UNITED STATES OF AMERICA**

**V.**                                        **INDICTMENT NO.** 26-61-CHB-MAS

**BRAILEN LEE WEAVER**

\*    \*    \*    \*    \*

**THE GRAND JURY CHARGES:**

## COUNT 1
### 18 U.S.C. §§ 2113(a) and (e)

On or about April 30, 2026, in Madison County, in the Eastern District of Kentucky, and elsewhere,

**BRAILEN LEE WEAVER**

did knowingly and intentionally, by force and violence, and by intimidation, attempt to take from the person or presence of another money, property, and a thing of value belonging to and in the care, custody, control, management, and possession of the U.S. Bank in Berea, Kentucky, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, and in so doing did intentionally kill Breanna Edwards and Brian Switzer, in violation of 18 U.S.C. §§ 2113(a) and (e).

## COUNT 2
### 18 U.S.C. §§ 924(c)(1)(A) and (j)

On or about April 30, 2026, in Madison County, in the Eastern District of Kentucky, and elsewhere,

### BRAILEN LEE WEAVER

did knowingly and intentionally carry and use a firearm, that is, a Derya Arms, Model DY9, 9mm pistol bearing serial number TG970-24L81037, and that firearm discharged during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, attempted bank robbery in violation of 18 U.S.C. § 2113(a), and, in the course of said conduct, did knowingly and intentionally cause the death of a person through the use of the firearm, which killing was a murder as defined in 18 U.S.C. § 1111, in that the defendant, **BRAILEN LEE WEAVER**, did willfully, deliberately, maliciously, with premeditation, and in the attempt to perpetrate a robbery, murder a human being, that is, Breanna Edwards, unlawfully and with malice aforethought—all in violation of 18 U.S.C. §§ 924(c)(1)(A) and (j).

## COUNT 3
### 18 U.S.C. §§ 924(c)(1)(A) and (j)

On or about April 30, 2026, in Madison County, in the Eastern District of Kentucky, and elsewhere,

### BRAILEN LEE WEAVER

did knowingly and intentionally carry and use a firearm, that is, a Derya Arms, Model DY9, 9mm pistol bearing serial number TG970-24L81037, and that firearm discharged during and in relation to a crime of violence for which he may be prosecuted in a court of the

United States, that is, attempted bank robbery in violation of 18 U.S.C. § 2113(a), and, in the course of said conduct, did knowingly and intentionally cause the death of a person through the use of the firearm, which killing was a murder as defined in 18 U.S.C. § 1111, in that the defendant, **BRAILEN LEE WEAVER**, did willfully, deliberately, maliciously, with premeditation, and in the attempt to perpetrate a robbery, murder a human being, that is, Brian Switzer, unlawfully and with malice aforethought—all in violation of 18 U.S.C. §§ 924(c)(1)(A) and (j).

<u>NOTICE OF SPECIAL FINDINGS</u>
<u>PURSUANT TO 18 U.S.C. §§ 3591 and 3592</u>
<u>(Counts 1 – 3)</u>

**A.    THE GRAND JURY FINDS:**

Pursuant to the provisions of 18 U.S.C. §§ 3591 and 3592, the following factors exist regarding the commission of the offenses charged in Counts 1, 2, and 3, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1.  The Defendant, **BRAILEN LEE WEAVER**:

   a.  was 18 years of age or more at the time of the offense (18 U.S.C. § 3591(b));

   b.  intentionally killed Breanna Edwards and Brian Switzer (18 U.S.C. § 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of Breanna Edwards and Brian Switzer (18 U.S.C. § 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Breanna Edwards and Brian Switzer died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Breanna Edwards and Brian Switzer died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

f. in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

g. committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8));

h. committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism (18 U.S.C. §

3592(c)(9));

i.   intentionally killed or attempted to kill more than one person in a single

criminal episode (18 U.S.C. § 3592(c)(16)).

**FORFEITURE ALLEGATION**
**18 U.S.C. § 981(a)(1)(C)**
**18 U.S.C. § 924(d)**
**28 U.S.C. § 2461**

1.   By virtue of the commission of the offense alleged in Count 1 of the

Indictment, **BRAILEN LEE WEAVER** shall forfeit to the United States any and all

property, real or personal, which constitutes or is derived from proceeds traceable to the

violation of 18 U.S.C. § 2113. Any and all interest that **BRAILEN LEE WEAVER** has

in this property is vested in and forfeited to the United States pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461.

2.   By virtue of the commission of the offenses alleged in Counts 1 through 3

of the Indictment, **BRAILEN LEE WEAVER** shall forfeit to the United States any and

all firearms and ammunition involved in or used, or intending to be used, in the violations

of 18 U.S.C. §§ 2113(a), 924(c), and/or 924(j). Any and all interest that **BRAILEN LEE**

**WEAVER** has in this property is vested in and forfeited to the United States pursuant to

18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.   The property to be forfeited includes, but is not limited to, the following:

**FIREARM AND AMMUNITION:**

a. Derya Arms, Model DY9, 9mm pistol bearing serial number TG970-
   24L81037; and
b. Any associated ammunition.

4.    If any of the property described above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

MARY L. MELTON
RON L. WALKER
ASSISTANT UNITED STATES ATTORNEYS

## <u>PENALTIES</u>

**COUNT 1:**     Death or life imprisonment, a fine of not more than $250,000, and not more than 5 years of supervised release.

**COUNTS 2-3:**     Death or imprisonment for any term of years or for life (but not less than 10 years imprisonment due to the discharge of a firearm), a fine of not more than $250,000, and not more than 5 years of supervised release.

**PLUS:**     Mandatory special assessment of $100 per count.

**PLUS:**     Restitution, if applicable.

**PLUS:**     Forfeiture, if applicable.