**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:26-CR-61-CHB-MAS**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**V.**                           **NOTICE BY THE UNITED STATES**
                                **AS TO CASE COMPLEXITY**

**BRAILEN LEE WEAVER**                                                   **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

The United States hereby provides notice, for purposes of scheduling and other concerns, that this matter will likely be designated a complex case under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). Brailen Lee Weaver ("Weaver") has been charged with three capital-eligible offenses arising from an attempted bank robbery and double homicide that occurred at a U.S. Bank in Berea, Kentucky on April 30, 2026.

Prior to the United States' decision on whether to seek the death penalty, Department of Justice policy allows the defendants the opportunity to compile mitigation information to present to the United States Attorney's Office and others within the Department of Justice. *See* Justice Manual, § 9-10.080. This process will likely cause delays.

Discovery related to the charged offenses will be voluminous. Multiple agencies participated in the effort to identify and locate the perpetrator of the attempted bank

robbery. After law enforcement identified Weaver, a multi-county vehicle chase ensued, ending with a crash and Weaver's eventual arrest in Fayette County. So far, the United States has received over 500 body-worn camera ("BWC") videos from Lexington Police Department alone. While the United States anticipates that some of the 500 videos will be duplicates, even 250 BWC videos will require an enormous amount of time for the parties to review.

The trial in this matter will require the appearance of at least thirty witnesses, and the United States anticipates that trial could last multiple weeks.

The United States submits that both parties will need more time than is necessary in the "average" case, and that it would be unreasonable to expect adequate preparation for pretrial proceedings, or for a jury trial itself, within the usual time limits established by the Speedy Trial Act.

Respectfully Submitted,

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

By:     *s/Mary Melton*
Mary Melton
Ron L. Walker
Assistant United States Attorneys
260 West Vine Street, Suite 300
Lexington, KY 40507
(859) 685-4802
Mary.Melton@usdoj.gov
Ron.Walker@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 22, 2026, I electronically filed the foregoing with the

clerk of the court by using the CM/ECF system which will send an electronic notice to

counsel of record.

<u>s/Mary Lauren Melton</u>
Assistant United States Attorney
